**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

PASCAL DORE,                   :
                                       Civil Action No. 12-0538 (JBS)
          Petitioner,          :

     v.                        :          O P I N I O N

DONNA ZICKEFOOSE,              :

          Respondent.          :
```

**APPEARANCES:**

    Pascal Dore, <u>Pro Se</u>
    #44556-004
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640

**SIMANDLE**, Chief Judge

    Petitioner, Pascal Dore, a federal prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner names as party respondent, the Warden at FCI Fort Dix, Donna Zickefoose.

    This Court has reviewed the petition, and for the reasons set forth below, will dismiss this habeas action for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

I.   BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of screening only.  The Court has made no findings as to the veracity of petitioner's allegations.

According to the allegations of the petition, on November 26, 1996, after a jury trial in the Southern District of Florida, Petitioner was acquitted of conspiracy to import a detectable amount of cocaine (count one) and was found guilty of conspiracy to possess a detectable amount of cocaine with intent to distribute (count two) and also found guilty of bribery of a public official (count three).  On February 21, 1997, he was sentenced to 264 months of imprisonment for count two and 180 months for count three, both to run concurrently.

Petitioner filed an appeal, and the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence on November 4, 1999.  Petitioner states that he then filed a petition for rehearing en banc, which was denied on April 18, 2000.  The Supreme Court then issued its decision in the matter of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), and Petitioner filed a certiorari petition which included arguments based on Apprendi.  The Supreme Court granted certiorari and remanded to the Eleventh Circuit for further consideration in light of Apprendi.  The Eleventh Circuit affirmed the conviction on May 9, 2001.  Petitioner states that

the Eleventh Circuit erred in its decision, mistakenly deeming that Petitioner had abandoned his Apprendi claim. Petitioner's second petition for hearing en banc was denied on October 26, 2001. The Supreme Court denied Petitioner's second petition for certiorari on March 18, 2002. Petitioner filed his § 2255 motion on March 7, 2003, raising claims which included his Apprendi claim. The § 2255 motion was denied on March 29, 2004.

Petitioner now argues that his § 2255 motion was ineffective and inadequate and seeks relief within this court through his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 on January 25, 2012.

## II.   DISCUSSION

A.   Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also 28 U.S.C. §§ 2243, 2255.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

B.  Jurisdiction

Here, Petitioner argues that he is entitled to habeas relief under § 2241, despite the denial of his earlier § 2255 motion before his sentencing court. Petitioner contends here that relief under § 2255 is "inadequate or ineffective" so as to proceed under § 2241. Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d at 249, a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers

v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F. 3d 117, 120 (3d Cir. 2002). In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a

statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier" opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation by the United States Supreme Court of the statute of conviction, may not have been criminal conduct at all. Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review. 119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner fails to demonstrate that he had no other opportunity to seek judicial review with regard to the claims now asserted in his petition.  In fact, his claims are nothing more than another version of similar claims raised by Petitioner previously.  Thus, it would appear that Petitioner is seeking another opportunity and a different court to challenge his conviction and sentence on the same grounds that he has raised previously in attempts to overcome his federal conviction and sentence.

Petitioner does not cite any retroactive change in substantive law to negate the criminality of his conduct; nor has he shown that he had no other opportunity to seek judicial review.  He does not contend that there is "newly discovered evidence" to negate his conviction.  See 28 U.S.C. § 2255(e)(2)(A)(ii).

Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy. Petitioner's arguments fail to demonstrate any circumstances amounting to a complete miscarriage of justice that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.  28 U.S.C.  § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

This Court finds that it would not be in the interest of justice to transfer this Petition.  Accordingly, this Petition will be dismissed for lack of jurisdiction.

### III.  CONCLUSION

For the reasons set forth above, this habeas action will be dismissed with prejudice for lack of subject matter jurisdiction, because it is a second or successive § 2255 motion challenging petitioner's federal sentence.  An appropriate order follows.


 s/ Jerome B. Simandle
Jerome B. Simandle
Chief Judge
United States District Court

Dated:   **July 9, 2012**

8